UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:14-cv-06837-SVW-JPR | Date | November 13, 2014 |
|---|---|---|---|
| Title | John Davis v. YRC Worldwide Inc. et al | | |

JS - 6

| Present: The Honorable | STEPHEN V. WILSON, U.S. DISTRICT JUDGE | |
|---|---|---|
| Paul M. Cruz | | N/A |
| Deputy Clerk | | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| N/A | | N/A |

**Proceedings:**   IN CHAMBERS ORDER GRANTING PLAINTIFF'S MOTION TO REMAND [17]

**Introduction**

The parties have presented the Court with the threshold issue of subject matter jurisdiction.  The Court considered the parties' briefs and presided over a hearing on November 10, 2014.  For the reasons described below, the Court lacks jurisdiction.  Consequently, the Court GRANTS Plaintiff's motion and REMANDS the case to the Los Angeles Superior Court.

**Factual Allegations**

John Davis, the plaintiff, is a veteran truck driver.  Compl. ¶ 10.  He began working for YRC twelve years ago.  Compl. ¶ 10.  He alleges that two of his supervisors—Bob Pearson and Herman Bomhof—harassed him during his last year of employment.  Compl. ¶¶ 12-17, 25, 34, 43.  Specifically, the supervisors singled out Davis for chastisement, derided him with racial slurs (recounting two particular instances, one involving Pearson, the other Bomhof), and fired

|  |  | : |  |
|---|---|---|---|
|  | Initials of Preparer | | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:14-cv-06837-SVW-JPR | Date | November 13, 2014 |
|---|---|---|---|
| Title | John Davis v. YRC Worldwide Inc. et al | | |

JS - 6

him when he asked them to stop the harassment. Compl. ¶¶ 12-17. Although YRC reinstated Davis, it soon after terminated him again because he falsified his original employment application. Compl. ¶¶ 18–19. Davis claims that YRC's basis was pretextual; he contends that racial bias animated YRC's decision. *See* Compl. ¶¶ 19, 25, 35.

Davis brought suit against YRC and Pearson in state court, alleging four claims: racial discrimination in violation of California Government Code Section 12940(a); racial harassment in violation of California Government Code Section 12940(j); retaliation in violation of California Government Code Section12940(h); and wrongful discharge in violation of California public policy. Compl. ¶¶ 21-56. YRC then removed the case. Dkt. 1. Davis responded with a motion to remand it. Dkt. 17.

Discussion

Removal jurisdiction is disfavored. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). But it is proper if the case could have been filed in federal court originally. 28 U.S.C. § 1441. One basis for subject matter jurisdiction is the parties' diversity of citizenship. 28 U.S.C. § 1332. Another common basis is the presence of a well-pleaded federal question. 28 U.S.C. § 1331; *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).

Here, YRC alleges that jurisdiction is proper on either ground. It argues that Pearson, a California citizen, is a sham defendant whose citizenship is immaterial. Therefore, complete diversity exists between Davis, a California citizen, and YRC, a citizen of Kansas and Delaware. Moreover, YRC submits that Davis's claims are preempted by Section 301 of the Labor Management Relations Act, raising a federal question.

I.    Diversity

It is axiomatic that jurisdiction based on 28 U.S.C. § 1332(a) requires complete diversity of citizenship. *E.g.*, *Strawbridge v. Curtiss*, 7 U.S. 267 (1806). But it is equally well-established that the inclusion of sham defendants—those fraudulently joined—will not defeat removal premised on diversity. *E.g.*, *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998).

|  | : |  |
|---|---|---|
| Initials of Preparer | | PMC |

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:14-cv-06837-SVW-JPR | Date | November 13, 2014 |
|---|---|---|---|
| Title | John Davis v. YRC Worldwide Inc. et al | | |

JS – 6

In this case, Pearson's citizenship is the key: he, like Davis, is a California citizen, whose presence appears to destroy diversity. Thus, complete diversity exists only if YRC can show Pearson is a sham defendant whose citizenship should be disregarded.

     A party is joined fraudulently if settled law obviously precludes the plaintiff from asserting a cause of action against the nondiverse defendant. *See Ritchey*, 139 F.3d at 1318. This standard is more permissive than the familiar lens applied to a motion to dismiss for failure to state a claim: a plaintiff must merely aver a possible claim, not a plausible one. *Stillwell v. Allstate Ins. Co.*, 663 F.3d 1329, 1333 (11th Cir. 2011); *see also Hunter v. Philip Morris USA*, 582 F.3d 1039, 1046 (9th Cir. 2009) (noting the presumption against finding fraudulent joinder). And the removing defendant's burden is heavy, for it must establish fraudulent joinder by clear and convincing evidence. *Hamilton Materials, Inc. v. Dow Chemical Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007). All ambiguity is resolved in favor of remand. *Hunter*, 582 F.3d at 1042 (citing *Gaus*, 980 F.2d at 566).

     Davis asserted one claim against Pearson: racial harassment in violation of section 12940(j) of California's Government Code. "[H]arassment in the workplace can take the form of discriminatory intimidation, ridicule and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." *Serri v. Santa Clara Univ.*, 226 Cal. App. 4th 830, 869 (Cal. Ct. App. 2014) (internal quotation marks omitted). The totality of the circumstances must indicate that "the defendant's conduct would have interfered with a reasonable employee's work performance and would have seriously affected the psychological well-being of a reasonable employee and that [he or she] was actually offended." *Rehmani v. Superior Court*, 204 Cal. App. 4th 945, 952 (Cal. Ct. App. 2012) (quoting *Fisher v. San Pedro Peninsula Hosp.*, 214 Cal. App. 3d 590, 609-610 (Cal. Ct. App. 1989)) (internal footnotes, citations, and quotation marks omitted). Moreover, the harassing conduct "cannot be occasional, isolated, sporadic, or trivial"—rather, it must be "a concerted pattern of harassment of a repeated, routine, or a generalized nature." *Thompson v. City of Monrovia*, 186 Cal. App. 4th 860, 877 (Cal. Ct. App. 2010) (quoting *Aguilar*, 21 Cal. 4th at 131).

     YRC has not shown by clear and convincing evidence that it will be impossible for Davis to state a claim against Pearson. Davis alleged that his supervisors, Pearson among them,

|  | : |  |
|---|---|---|
|  | Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:14-cv-06837-SVW-JPR | Date | November 13, 2014 |
|---|---|---|---|
| Title | John Davis v. YRC Worldwide Inc. et al | | |

JS - 6

harassed him for over a year. In particular, he singled out one instance where Pearson used a pejorative slur. Compl. ¶ 13. This single incident may be insufficient to state a claim. *See, e.g.*, *Baptiste v. LIDS*, — F. Supp. 2d —, 2014 WL 523024, at *14 (N.D. Cal. Feb. 5, 2014). But Davis's allegations are sufficient to withstand a fraudulent joinder challenge. Even if Davis failed to describe enough precise interactions to state a claim, ambiguity is resolved in favor of remand, *Hunter*, 582 F.3d at 1042, and YRC has not provided clear and convincing proof that Davis will be unable to wring out additional specific instances from his overarching allegations of pervasive and persistent harassment.[1]

Therefore, YRC has not met its burden of showing that Pearson is a sham defendant. Accordingly, Pearson's citizenship must be considered. As he and Davis share California as their home state, diversity is incomplete.

**II.     Preemption**

Section 301(a) of the LMRA provides for federal jurisdiction over "[s]uits for violation of contracts between an employer and labor organization." 29 U.S.C. § 185(a). This statute gives rise to complete preemption:

> the pre-emptive force of § 301 is so powerful as to displace entirely any state cause of action "for violation of contracts between an employer and a labor organization." Any such suit is purely a creature of federal law, notwithstanding the fact that state law would provide a cause of action in the absence of § 301.

*Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 23 (1983) (footnote omitted). Section 301 preemption extends to state claims that require interpretation of the CBA or are

---

[1] YRC also submits that Davis's allegations indicate a claim of retaliation, not harassment. To the extent it does so, YRC undercuts its own position. If Davis's allegations indicate that Pearson could be liable for retaliation or disparate treatment, he is not a sham defendant. *See Ritchey*, 139 F.3d at 1318 (noting that the removing party must show that the alleged sham defendants "cannot be liable on *any theory*.") (emphasis added).

:

Initials of Preparer          PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:14-cv-06837-SVW-JPR | Date | November 13, 2014 |
|---|---|---|---|
| Title | John Davis v. YRC Worldwide Inc. et al | | |

JS - 6

"substantially dependent upon analysis of the [agreement's] terms." *Lingle v. Norge Division of Magic Chef, Inc.*, 486 U.S. 399, 410 (1988); *see also Miller v. AT&T Network Systems*, 850 F.2d 543, 548 (9th Cir. 1988) (outlining the general questions a court must consider in deciding whether a state law is preempted under section 301).

Davis's claims derive from California's Fair Employment and Housing Act.[2] Generally, FEHA claims are not preempted. *See, e.g.*, *Detabali v. St. Luke's Hospital*, 482 F.3d 1199, 1203 (9th Cir. 2007) (observing the Ninth Circuit's "long line of [] cases holding that FEHA employment discrimination claims are not ipso facto preempted by § 301 of the LMRA."). The typical rule gives way only on rare occasions where "the resolution of an allegation of discrimination itself hinges on the interpretation of a labor contract." *Guidry v. Marine Engineers' Beneficial Ass'n*, No. C 05-03960 CRB, 2007 WL 707511, at *4 (N.D. Cal. Mar. 6, 2007); *accord Audette v. Int'l Longshoremen's and Warehousemen's Union*, 195 F.3d 1107, 1113 (9th Cir. 1999).

Thus, the question in this case is whether Davis's claims require the resolution of some dispute about the scope or meaning of the two collective bargaining agreements between Davis's union and YRC. The answer, in short, is no.

---

[2] One claim is for wrongful discharge in violation of California public policy—codified in the Fair Employment and Housing Act—forbidding discrimination and harassment on the basis of race. Cal. Gov't Code §§ 12920, 12940; *see also Stevenson v. Superior Court*, 16 Cal. 4th 880, 884–85, 890–96 (Cal. 1997) (locating the policy against tortious wrongful discharge based on discrimination in the Fair Employment and Housing Act). The same general theory of liability undergirds Davis's statutory and wrongful discharge claims—they all hinge on whether YRC mistreated Davis due to his membership in a protected class. Consequently, in this case, the wrongful discharge claim is largely coterminous with the FEHA claims for purposes of preemption. *See Jackson v. Southern California Gas Co.*, 881 F.2d 638, 634–44 (9th Cir. 1989).

| | : | |
|---|---|---|
| | Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:14-cv-06837-SVW-JPR | Date | November 13, 2014 |
|---|---|---|---|
| Title | John Davis v. YRC Worldwide Inc. et al | | |

JS - 6

      The first step is to ascertain the underlying elements of Davis's claims. *See, e.g.*, *McGowen v. Nestle Food Co.*, No. 1:06cv01212 AWI DLB, 2007 WL 173768, at *4 (E.D. Cal. Jan. 19, 2007) ("The logical starting point for this analysis is a breakdown of the elements and burdens . . . ."). California uses the familiar *McDonnell-Douglas* burden-shifting framework for analyzing discrimination claims. *E.g.*, *Guz v. Bechtel Nat., Inc.*, 24 Cal. 4th 317, 353-54 (Cal. 2000). This analysis begins with the plaintiff setting out a prima facie claim: generally, this includes evidence that (1) plaintiff was a member of a protective class, (2) he was qualified for his position and competently held it, (3) he suffered an adverse employment action, and (4) circumstances suggest discriminatory motive. *Id.* at 354. The defendant may rebut a prima facie case of discrimination with admissible evidence that "its action was taken for a legitimate, nondiscriminatory reason." *Id.* at 355-56 (citing cases). At this point, the burden shifts back to the plaintiff, who must demonstrate "that the proffered reason was not the true reason for the employment decision." *Mixon v. Fair Emplymt and Housing Comm'n*, 192 Cal. App. 3d 1306, 1318–19 (Cal. Ct. App. 1987) (quoting at *Texas Dept. of Community Affairs v. Burdine*, 450 U.S. 248, 255–56 (1981)).

      Davis's prima facie case does not call for interpretation of the CBA. First, "the rights conferred by the California Employment Act are 'defined and enforced under state law without reference to the terms of *any* collective bargaining agreement.'" *Ramirez v. Fox Television Station, Inc.*, 998 F.2d 743, 748 (9th Cir. 1993) (quoting *Chmiel v. Beverly Wilshire Hotel Co.*, 873 F.2d 1283, 1286 (9th Cir. 1989)). Second, there is nothing particular about Davis's claim that departs from this rule. Davis's claims are based on the verbal abuse his superiors doled out, the punitive disciplinary actions they took, and Davis's ultimate termination. These allegations are unrelated to the terms of the CBA. Therefore, there is no suggestion that Davis's prima facie showing will require interpretation of the CBA sufficient to trigger Section 301 preemption. *See Jackson v. Southern Cal. Gas Co.*, 881 F.2d 638, 643–44 (9th Cir. 1989).[3]

---

[3]     YRC suggests that Davis's claims are preempted because "Plaintiff's Complaint raises issues concerning appropriate, discipline, suspension, termination and the like: matters expressly covered in the governing CBA." Opp. to Mot. to Remand, 6:16-19. "However, claims will not be preempted simply because the CBA

                                                                                :

                                     Initials of Preparer         PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:14-cv-06837-SVW-JPR | Date | November 13, 2014 |
|---|---|---|---|
| Title | John Davis v. YRC Worldwide Inc. et al | | |

JS - 6

Similarly, YRC's legitimate justification requires only a quick reference to the CBA. YRC will argue that it fired Davis for dishonesty, which is a valid ground for termination under the CBA. Opp. to Mot. to Remand, 7:19-26 ("Assuming Plaintiff can state a *prima facie* case, YRC will necessarily respond with its legitimate, nondiscriminatory reason for undertaking these actions."). To determine whether dishonesty is a valid ground for termination requires a mere reference to the CBA, which is insufficient to enliven preemption. *E.g.*, *Ramirez*, 998 F.2d at 749; *see also generally Livadas v. Bradshaw*, 512 U.S. 107, 123–26 (1994) (distinguishing between claims that require interpretation or construction of a collective bargaining agreement and those that require mere reference to the agreement).

Any interpretive dispute, therefore, must arise in the parties' debate over whether YRC's justification was pretextual. YRC submits that the propriety of its justification will turn on whether Davis's misstatement in his application fits the definition of dishonesty outlined by the CBA. The Court, YRC argues, will therefore be forced into construing the scope of dishonesty under the CBA, which, as an interpretive exercise, calls for Section 301 preemption.[4] This argument is a strawman. First, as mentioned, Davis has not suggested that the alleged discrimination is premised on the CBA. Moreover, Davis's complaint, if anything, indicates that the justification was pretextual because the falsification happened a dozen years ago, and, in light of a pattern of recent harassment, racial animus was the more likely culprit. "[T]he need to interpret the collective bargaining agreement must inhere in the nature of the plaintiff's claim," *Detabali v. St. Luke's Hospital*, 482 F.3d 1199, 1203 (9th Cir. 2007), but the interpretation called for by YRC is speculative—there is no guarantee the parties will debate whether falsifying an

---

offers parallel protection of a worker's rights." *Agustiana v. Overhill Farms, Inc.*, No. 2:09-cv-05726 FCM-JCx, 2009 WL 3122866, at *4 (C.D. Cal. Sept. 25, 2009) (citing *Miller*, 850 F.2d at 546).

[4] YRC began this argument in its brief opposing remand. *See* Opp. to Mot. to Remand, 7:14–8:2. It fleshed out its theory during oral argument on November 10, 2014, explaining there that the scope of the term dishonesty, in its estimation, was the crucial interpretive undertaking in this case.

| | : | |
|---|---|---|
| | Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:14-cv-06837-SVW-JPR | Date | November 13, 2014 |
|---|---|---|---|
| Title | John Davis v. YRC Worldwide Inc. et al | | |

JS - 6

employment application constitutes dishonesty as defined by the CBA.  *See also Schempp v. Int'l Alliance of Theatrical Stage Employees, Local 16*, No. C 12-06147 CRB, 2013 WL 132531, at *2 (N.D. Cal. Jan. 9, 2013) ("[S]tate law claims are preempted only when the resolution of an allegation of discrimination *itself* hinges on the interpretation of a labor contract.").  Without a necessary question of contractual interpretation, Section 301 preemption is inappropriate, and, consequently, federal question jurisdiction does not exist.  *E.g.*, *Ramirez*, 998 F.2d at 749.

### Conclusion

For the foregoing reasons, the Court GRANTS Plaintiff's Motion to Remand the Case. The matter is REMANDED to the Los Angeles Superior Court for further proceedings.

|  | : |  |
|---|---|---|
| Initials of Preparer | | PMC |